UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

17-61177-CIV-GAYLES/SELTZER

**RESCOMA, LLC,**

      **Plaintiff,**

v.

**THE LAS OLAS COMPANY, INC.,**

      **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant The Las Olas Company, Inc.'s ("Las Olas") Motion to Dismiss Complaint [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Court GRANTS the Motion.

**I. BACKGROUND**[1]

On April 26, 2012, Plaintiff Rescoma, LLC ("Rescoma") and Las Olas entered into a Lease Agreement whereby Las Olas leased a commercial property in Fort Lauderdale, Florida, to Rescoma. *See* Lease Agreement [ECF No. 12-1]. The Lease Agreement specified a term from May 1, 2012, to December 31, 2022, and contained a forum-selection clause, which provided:

> 73. CHOICE OF LAW. This Lease Agreement shall be construed in accordance with the laws of the State of Florida, as may be amended from time to time. Venue for any action between the parties shall only be Broward County, Florida. Any litigation conducted between the parties shall be conducted only in the Circuit or

---

[1] The Court takes the allegations from the Complaint [ECF No. 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

[*Id.* ¶ 73].

Rescoma operated the Grill Republic Restaurant and Bar on the premises. On August 30, 2016, Las Olas filed an eviction and breach of contract action in the Seventeenth Judicial Circuit in and for Broward County, Florida, against Rescoma. Rescoma ceased operating the Grill Republic on September 3, 2016, and returned exclusive control of the premises to Las Olas on September 23, 2016.

Broward County subsequently sent a tax notice to the Grill Republic for 2016 ad valorem taxes on its commercial personal property. Although this tax bill was not due until March 31, 2017, and Rescoma owed no money to the County for prior tax years, the Tax Collector of Broward County issued a Tax Collector's Warrant that authorized the County to levy and sell the Grill Republic's personal property. The County then issued a Notice of Sale of Tangible Personal Property for Current Taxes, and began arranging to auction Rescoma's personal property remaining at the leased Las Olas property.

Rescoma alleges that Las Olas closely coordinated with the County to auction Rescoma's personal property. The auction occurred on January 18, 2017, and brought $43,606.65. The County satisfied the tax bill of $6,982.12, deducted expenses, and delivered the $26,319.38 surplus to Las Olas. Rescoma alleges that Las Olas illegally retained the surplus.

On June 12, 2017, Rescoma filed this action in federal court alleging Civil Theft under Florida Statute § 772.11, which entitles a plaintiff to treble damages. Rescoma alleges this Court has diversity jurisdiction as the amount in controversy is $78,958.14 and the parties are diverse.

Las Olas now moves to dismiss based on lack of subject-matter jurisdiction or, in the alternative, requests that the Court dismiss the action based on the Lease Agreement's forum-selection clause.

## II. SUBJECT-MATTER JURISDICTION

### A. *Legal Standard*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Federal Rules require that a plaintiff's Complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). It is the plaintiff's obligation to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B. *Discussion*

Las Olas disputes diversity jurisdiction, arguing that Rescoma has failed to sufficiently plead complete diversity of citizenship between the parties.

An unincorporated entity, such as a limited partnership or limited liability company, "is a citizen of any state of which a member of the [association] is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity." *Taylor*, 30 F.3d at 1367.

Typically, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. 'A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)) (citations omitted). However, as the Supreme Court explained in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Id.* at 828.

"Alienage jurisdiction is a form of diversity jurisdiction under which federal courts may hear cases between 'citizens of a State and citizens or subjects of a foreign state.'" *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2)). In amendments to § 1332(a), Congress carved out an exception to this broad jurisdictional grant, denying the district courts jurisdiction over actions "between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*." 28 U.S.C. § 1332(a)(2) (emphasis added).

Rescoma alleges that this Court has subject-matter jurisdiction based on the alienage jurisdiction provision in § 1332(a)(2) because the amount in controversy is $78,958.14 and all three individual members of Rescoma, LLC, are citizens of France who have not been lawfully admitted for permanent residence in the United States. Based on these allegations, Rescoma rightly concludes that for diversity jurisdiction purposes, it is not a citizen of the State of Florida. It is uncontested that Defendant Las Olas is a corporation organized under the laws of the State of Delaware with its principal place of business in Florida and is thus a citizen of Delaware and Florida for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c) ("For the purposes of this

section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Las Olas argues that one member of Rescoma, LLC, Michel Karsenti, has resided and conducted extensive business in Florida for a number of years, and therefore has "no plausible basis" on which to claim a lack of citizenship in the state for the purposes of diversity jurisdiction. Def's Mot. Dismiss ¶ 12, ECF No. 12. But extensive business activities and actual residence in the state are not the standard for determining the citizenship of foreign nationals for the purposes of diversity jurisdiction. Las Olas does not contradict Rescoma's assertion that Karsenti is a French citizen who has not been lawfully admitted for permanent residence in the United States. Rescoma need only "allege affirmatively the actual citizenship of the relevant parties," *Kanter*, 265 F.3d at 857, which it does in its Complaint. That assertion alone resolves the issue: based on the facts alleged in the Complaint, Mr. Karsenti is not a citizen of the State of Florida for the purposes of diversity jurisdiction.

Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction over the action.

## III. FORUM NON CONVENIENS

Although the Court has subject-matter jurisdiction based on the face of the Complaint, as discussed above, the Court finds this an appropriate case in which to exercise its discretion to dismiss the matter on the grounds of *forum non conveniens* to enforce the parties' valid and mandatory forum-selection clause.

As a preliminary matter, the Court agrees with Rescoma that a Rule 12(b)(3) motion to dismiss for improper venue is the incorrect procedural vehicle to enforce a forum-selection clause where, as here, venue is otherwise proper. *See Atl. Marine Const. Co., Inc. v. U.S. Dist.*

*Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). However, Las Olas concedes this point in its Reply and requests that the Court treat its Motion to Dismiss as a motion to dismiss based on *forum non conveniens*. Accordingly and in the interests of judicial economy, the Court will treat the Motion to Dismiss for improper venue as a motion to dismiss based on *forum non conveniens*.

### A. Legal Standard

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper." *Vanderham v. Brookfield Asset Mgmt., Inc.*, 102 F. Supp. 3d 1315, 1318 (S.D. Fla. 2015) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947), *superseded by statute on other grounds as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994)). Although a court may consider matters outside the pleadings in ruling on a motion to dismiss based on *forum non conveniens*, it "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). "To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" *GDG Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)).

### B. Discussion

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009). In a typical case, a court proceeds directly

through those factors. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . ." *Atl. Marine*, 134 S. Ct. at 581. When there is a valid forum-selection clause, the Court no longer considers the private interest factors. *See id.* at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *Cf. id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine*. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *Wilson v. Island Seas Investment, Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (citing *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009)).

### 1. Validity and Enforceability of the Forum-Selection Clause

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). The Eleventh Circuit enforces "only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract." *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or un-

7

fairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel,* 579 F.3d at 1281.

The forum-selection clause in the Lease Agreement provides that "[a]ny litigation conducted between the parties shall be conducted only in the Circuit or County of the Seventeenth Judicial Circuit in and for Broward County, Florida." [ECF No. 12-1]. This clause is unambiguous and mandatory: the parties "shall" litigate "*only* in the Circuit or County of the Seventeenth Judicial Circuit in and for Broward County, Florida." [*Id.*] (emphasis added); *see Florida Polk County*, 170 F.3d at 1083 n.8. Likewise, the clause clearly governs this dispute, which arises directly from the parties' contractual landlord-tenant relationship. Rescoma does not argue that the clause was the result of fraud or overreach. Indeed, Rescoma merely argues that a 12(b)(3) motion is procedurally improper, and never addresses the substance of the forum-selection clause. Given the ongoing litigation in Broward County Circuit Court and the fact that Florida law controls the dispute, enforcing the mandatory forum-selection clause will not deprive Rescoma of its day in court or a remedy. And there is no apparent public policy reason why the clause should not be enforced.

The Court therefore determines that the Lease Agreement's forum-selection clause is valid and enforceable.

### 2. *Forum Non Conveniens* Analysis

The existence of a valid, enforceable, mandatory, and applicable forum-selection clause—like the clause contained in the Lease Agreement—is not alone dispositive in the *forum non conveniens* analysis. However, as the Supreme Court explained in *Atlantic Marine*, a viable forum-selection clause carries near-determinative weight: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less

convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582.

Post–*Atlantic Marine*, the Eleventh Circuit has ruled that "[a] binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." *GDG Acquisitions*, 749 F.3d at 1029. What remains under this modified analysis, then, is (1) whether an adequate alternative forum is available, and (2) whether the public interest factors weigh in favor of dismissal. *Id.* at 1028.

"An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Courts need ask "only whether some remedy exists." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. App'x 770, 771 (9th Cir. 2010) (per curiam). An alternative forum is "available" to a plaintiff "when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

Here, the governing law is Florida state law and there is ongoing litigation between these parties in Broward County Circuit Court. Thus, the remedy available in the alternative forum is identical to the remedy available here and the alternative forum is clearly available, as there is ongoing litigation on related matters between these exact parties in that forum. Accordingly, the Court finds the Seventeenth Judicial Circuit in and for Broward County is both an adequate and available forum.

While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine*, 134 S. Ct. at 582, the Court will nevertheless consider the following public interest factors: "the administrative difficulties flowing from court congestion; the 'local interest in having localized

9

controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gilbert*, 330 U.S. at 509). Because the dispute is governed by Florida state law and because the alternative forum is state court in the same locality as this Court, each of these public interest factors weighs in favor of litigating in Florida state court.

Based on the foregoing and for reasons of fairness and judicial economy, this Court will enforce the parties' forum-selection clause by dismissing the action on grounds of *forum non conveniens*.

Therefore, it is

**ORDERED AND ADJUDGED** Defendant's Motion to Dismiss is **GRANTED**. The plaintiff may refile this action in the Broward Circuit Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE